<table>
<tr><td>

DISTRICT COURT, CITY AND COUNTY OF DENVER,
STATE OF COLORADO
1437 Bannock Street
Denver, Colorado 80202

</td><td>

EFILED Document
CO Denver County District Court 2nd JD
Filing Date: Apr 23 2012  4:47PM MDT
Filing ID: 43843765
Review Clerk: Nik Zender

</td></tr>
<tr><td>

RICHFIELD HOSPITALITY, INC.

Plaintiff,

v.

CHARTER ONE HOTELS AND RESORTS, INC., et al

Defendant.

</td><td>

Case No.  12CV3916

Courtroom 280

</td></tr>
</table>

**PRETRIAL ORDER**

The trial in this case shall proceed as follows:

1. *Motions in limine.*  Any motions in limine which any party expects me to rule on prior to trial must be made in writing and must be filed at least 35 days (5 weeks) before trial.  Regardless of this deadline, counsel are cautioned that I rarely entertain relevance objections in limine, since it is almost always impossible to rule on those objections intelligently in an evidentiary vacuum.

2. Shreck *motions.*  Any motions objecting to expert testimony and requesting a hearing under *People v. Shreck*, 22 P.3d 68 (Colo. 2001), shall be filed at least 63 days (9 weeks) prior to trial.  Ordinarily, *Shreck* hearings will be conducted at the pretrial conference on the morning of trial.

3. *Pretrial conference.*  At 8:30 a.m. on the date set for trial, I will hold a pretrial conference with counsel, addressing the following topics:

   a. Outstanding motions.

   b. Anticipated length of trial.

   c. Alternate jurors.

     i) It is my preference in most cases to proceed with no alternates, with the understanding that should one juror become unavailable the case shall proceed with five jurors;

     ii) My second preference is to have [an] alternate[s], with the understanding that the alternate[s] will deliberate.

     iii) If I do seat [an] alternate[s], generally I will seat one alternate in trials of three weeks or less, and two alternates in trials of four weeks or more.

d.  Jury selection procedures.

e.  Number of peremptory challenges in multiple-party cases.

f.  Statement of the Case (to be used by me in describing the basic nature of the case to the prospective jurors).  I will draft this Statement based on the pleadings and on the Trial Management Order, and counsel will have an opportunity to give me their input about it at the pretrial conference.

g.  Voir dire

     i) Length of counsel's voir dire (in most cases 20-30 minutes per side).

     ii) Allocation of counsel's voir dire in multiple-party cases.

     iii) Court's own background voir dire in lieu of questionnaire.

     iv) Parties' waiver of the reporting of voir dire, if counsel have retained a court reporter (see ¶ 6 below).

h.  In-court ground rules.

     i) No speaking objections in front of jury.

     ii) Counsel must stay at podium, must request leave to approach.

     iii) Counsel must use surnames.

     iv) Parties must remain at counsel's table at all times when trial is in session.

     v) Counsel and their clients are welcome to drink coffee or tea at counsel's table, but not out of a can or bottle.  Water is provided.

i. Scheduling issues.

j. Length of opening statements.

k. Any other issues counsel would like me to address.

☐ *Material to be provided at pretrial conference.* Counsel shall bring the following to the pretrial conference☐

a. List of trial witnesses (in the order you e☐pect them to be called) (original plus copies for me and opposing counsel).

b. List of trial e☐hibits, pre-marked (Plaintiff's with numbers, ☐efendant's with letters) (original plus copies for me and opposing counsel).

The list should also denote which e☐hibits are to be admitted by stipulation.

c. Original and copy sets (for me, opposing counsel and all jurors) of all documentary and photographic e☐hibits, pre-marked.

The originals shall be placed at the witness stand for the witnesses to use during testimony.

d. ☐☐hibit notebooks for court and counsel. If there are more than five total e☐hibits, the original and copy sets shall be placed in binders and tabbed. ☐ach side shall provide its own e☐hibit copies and tabs.

If the volume of e☐hibits permits, Plaintiff shall provide binders large enough to contain all e☐hibits and tabs, and counsel shall merge all e☐hibits and tabs into those single binders prior to the pretrial conference.

If the volume of e☐hibits prevents single binders, each side shall provide their own binders, and place their own e☐hibits and tabs in those binders.

e. ☐☐hibit notebooks for jurors. ☐nless both sides will be using a projector to publish e☐hibits to jurors (a practice that is encouraged in cases with voluminous e☐hibits), each side shall provide e☐hibit notebooks for the jurors containing e☐hibits they wish to publish. Not every e☐hibit counsel anticipate being admitted need be in the juror notebooks.

f. Jury instructions. Pursuant to C.☐.C.P. ☐6(d) counsel will have filed stipulated and disputed jury instructions.

We will work on jury instructions at least one *evening* during the trial, sometime after the Plaintiff has rested. We may also work in the mornings before trial and☐or over lunch.

Counsel are expected to resolve as many disputes about instructions as possible prior to our working sessions.

All submitted instructions shall also be on CDs, which counsel shall bring with them to the working sessions.  Counsel are encouraged to bring their own laptops to expedite changes.

g.  Stipulations.  I expect counsel to stipulate to the admission of every exhibit to which there is no good faith objection.  I also expect counsel to stipulate to every material fact about which there is no good faith dispute.  All stipulations shall be reduced to writing, and shall be presented to me at the pretrial conference.

h.  Deposition transcripts.  Copies of all deposition transcripts counsel expects to be used at trial, either as direct evidence or impeachment.

*Regular trial hours.*  Unless otherwise directed, we will begin each trial day promptly at 8:30 a.m., and recess at 5:00 p.m.  I am happy to expand these regular hours to accommodate counsel and witnesses; provided, however, that I am able to give adequate notice to the jury and my staff.

6.  *Court reporters.*  The civil courtrooms in this district no longer employ court reporters.  Use of freelance reporters in civil cases is governed by Chief Judge Directive 2011-1.

*Examination of witnesses.*  I do not permit examination beyond re-direct.  If something was elicited in re-direct that was outside the scope of cross, you should have objected.  I do permit one additional round of counsel's questions after, and within the scope of, any juror questions.

*Deposition transcripts.*

a.  Original deposition transcripts shall remain sealed until counsel requests, in trial and in front of the jury, that they be unsealed.  At that time, you will present them to me, I will unseal them, and I will then present them to the witness.

b.  Depositions in lieu of testimony.

  i)  I strongly discourage the reading of depositions in lieu of live testimony.  It is unspeakably boring, and therefore almost always completely ineffective.  If you must do it, be selective.

  ii)  All hearsay objections  to depositions (that is, arguments that the declarant is not "unavailable") shall be resolved prior to or at the pretrial conference.

iii) All designations and cross-designations shall be made and exchanged at least seven days before trial. Counsel shall provide me with a single copy containing all the designations and cross-designations.

*Witness availability*. I almost always clear my docket of other cases, to enable jury trials to proceed uninterrupted. Accordingly, I expect counsel to make adequate arrangements to ensure that there is no down time between witnesses. I will not ordinarily entertain requests to recess to accommodate counsel or witnesses. The people we must accommodate are the jurors.

0. *Daily scheduling conference*. At the end of each trial day I will conduct a brief scheduling conference. We will discuss whether the case is on schedule, and, if not, whether any adjustments must be made to get it back on schedule. Counsel shall also announce at each daily scheduling conference who the witnesses will be for the following day, in the order of their appearance.

*Withdrawing Exhibits*. Because we no longer have court-employed reporters in our civil courts, after trial all original exhibits, both admitted as well as offered but rejected, shall be withdrawn by the lawyer who offered them. Original court exhibits shall be withdrawn by Plaintiff's counsel. Counsel shall retain the original exhibits and shall provide all other counsel of record full access to them during the Rule period and for preparation of any appeal.

The provisions of this Pretrial Order shall prevail over any conflicting provisions in the Case Management Order.

Done this 23rd day of April, 2012.

BY THE COURT:

J. Eric Olliff
District Court Judge

cc: All Parties