IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 12-cv-01937-REB-MEH

RICHFIELD HOSPITALITY, INC.,

    Plaintiff,

v.

CHARTER ONE HOTELS AND RESORTS, INC.,
STEVE COOK, and
THOMAS FARINACCI,

    Defendants.

## ORDER ON MOTION TO AMEND

**Michael E. Hegarty, United States Magistrate Judge.**

Before the Court is Plaintiff's Motion for Leave to Amend Complaint to Add Claim for Exemplary Damages Pursuant to CRS §§ 7-74-104 and 13-21-102 [filed August 10, 2012; docket #26]. The motion has been referred to this Court for disposition. (Docket #41.) The matter is now fully briefed, and oral argument would not materially assist the Court in adjudicating the motion. For the reasons stated below, Plaintiff's motion is **granted**.

**I.    Background**

Plaintiff, a hotel management company, initiated this action in Denver County District Court on May 31, 2011. (Docket #3.) As defendants, Plaintiff names Charter One Hotels and Resorts, Inc. ("Charter One") and two of Plaintiff's former employees who, upon their resignation, went to work for Charter One. Plaintiff alleges that Defendants misappropriated Plaintiff's confidential proprietary information, including trade secrets, and that Defendants conspired to interfere with Plaintiff's contract with Glidden House Inn ("Glidden House"). In addition to these claims, Plaintiff also asserts several other causes of action for breach of contract, breach of loyalty, unfair

competition, and unjust enrichment. Pursuant to Colo. Rev. Stat. § 13-21-102, Plaintiff could not include a claim for exemplary damages until after the parties completed their initial disclosures.

Over the course of the next year, the Defendants removed the action to federal court. (Docket #1, 3.) Following Plaintiff's successful motion to remand, the parties exchanged initial disclosures on April 12, 2012. (*Id*.) As the parties proceeded with discovery, Defendants produced a number of emails which Plaintiff believes provide prima facie proof of a triable issue of exemplary damages. (Docket #26 at 9-23.) Accordingly, Plaintiff filed the pending motion to amend its complaint adding a claim for exemplary damages on July 3, 2012. (Docket #26.) Defendants filed a response on July 24, 2012. (Docket #27.)

Before the motion was fully briefed, Defendants removed the action to federal court a second time on July 25, 2012. (Docket #1.) The Court held a Scheduling Conference in this case on August 30, 2012. (Docket #47.) In addition to other deadlines, the parties agreed on October 1, 2012, as the deadline for joinder of parties and amendment of pleadings. (Docket #50 at 8.) Additionally, the Court instructed counsel for Plaintiff to file a reply to the motion to amend on or before September 13, 2012. (Docket #47.) Plaintiff filed its reply accordingly. (Docket #55.)

## II.     Applicable Legal Standard

The pleading limitations expressed in Colo. Rev. Stat. § 13-21-102 bear little resemblance to the capacious standard set forth in Fed. R. Civ. P. 15. Plaintiff's reply asks the Court to apply the Federal Rules of Civil Procedure, but maintains that amendment is appropriate even under the more restrictive state statutes.

While federal courts sitting in diversity cases ordinarily apply federal procedural law and state substantive law, the distinction is not always so clear. *See Jones v. Krautheim*, 208 F. Supp. 2d 1173, 1174-75 (D. Colo. 2002) (citing *Erie R.R. Co. v. Tompkins*, 304 U.S. 64 (1938); *Guaranty*

2

*Trust Co. of New York v. York*, 326 U.S. 99 (1945); *Byrd v. Blue Ridge Rural Elec. Coop.*, 356 U.S. 525 (1958); and *Hanna v. Plumer*, 380 U.S. 460 (1965)). The court in *Krautheim, supra*, aptly summarized the current two-part test for deciding whether a state law with a procedural impact should apply in federal diversity cases:

> The *Hanna* test requires a court to first determine whether the state law in question directly conflicts with a federal rule of civil procedure. If there is a direct conflict, the federal procedural rule applies and the state provision does not. If there is no direct conflict between the state statute and a federal rule, then a court must consider *Erie*'s twin goals of discouraging forum shopping and avoiding inequitable administration of the law.

208 F. Supp. 2d at 1175. In light of this test and the reasoning in *Krautheim*, courts in this district have determined that Colo. Rev. Stat. § 13-21-102 does not conflict with the Federal Rules of Civil Procedure and that *Erie*'s twin aims are best satisfied by applying the Colorado statute. *American Economy Ins. Co. v. William Schoolcraft, M.D., P.C.*, 05-cv-01870-LTB-BNB, 2007 WL 160951, at *1 (D. Colo. Jan. 17, 2007); *see also Hartshorn Properties, LLC v. BNSF Ry. Co.*, 06-cv-00663-LTB-CBS, 2006 WL 3618292 (D. Colo. Dec. 7, 2006). This Court is likewise persuaded that Colo. Rev. Stat. § 13-21-102 governs Plaintiff's present motion to add a claim for exemplary damages.

**III.    Discussion**

In a civil action under Colorado law in which damages are assessed by a jury, a party may recover exemplary damages when "the injury complained of is attended by circumstances of fraud, malice, or willful and wanton conduct[.]" Colo. Rev. Stat. § 13-21-102(1)(a). The statute defines "willful and wanton conduct" as "conduct purposefully committed which the actor must have realized as dangerous, done heedlessly and recklessly, without regard to consequences, or the rights and safety of others, particularly the plaintiff." Colo. Rev. Stat. § 13-21-102(1)(b). Though a party may not assert a claim for exemplary damages in his or her original pleading, Colo. Rev. Stat. § 13-21-102(1.5)(a) provides that "a claim for exemplary damages...may be allowed by amendment to

3

the pleadings only after the exchange of initial disclosures [pursuant to Colo. R. Civ. P. 26] and the plaintiff establishes prima facie proof of a triable issue." The Colorado Supreme Court has observed that requiring a plaintiff to provide prima facie evidence of an exemplary damages claim is "a lenient standard" and that "[a] plaintiff should have an opportunity to test the merits of any claim for relief that is supported by the underlying facts of a case." *Stamp v. Vail Corp.*, 172 P.3d 437, 450 (Colo. 2007) (interpreting the exemplary damages provisions of Colo. Rev. Stat. § 13-21-203).

In this case, there is no dispute that parties have exchanged initial disclosures in accordance with Colo. R. Civ. P. 26. Thus, the only remaining question is whether Plaintiff has established prima facie proof of a triable issue with respect to exemplary damages. Plaintiff contends, based on nine emails between Defendants Farinacci and Cook, that Defendants were sufficiently conscious of their conduct to appreciate the risk of injury to Plaintiff. Though Plaintiff believes it can show malice, it argues that Defendants' conduct was "willful and wanton" at minimum. Defendants disagree that the emails show any willful or wanton conduct with respect to the misappropriation of trade secrets, but note that the emails do pertain to Plaintiff's conspiracy claim related to the termination of Plaintiff's management of the Glidden House. (Docket #27 at 2-3.)

Upon review of the emails provided by Plaintiff and in consideration of the facts alleged in Plaintiff's complaint, the Court finds that Plaintiff has met its lenient burden. In an email sent from Defendant Farinacci to Defendant Cook on January 17, 2011, the Court observes that Farinacci, while still employed by Plaintiff, intended to disparage Plaintiff in conversations with Glidden House in hopes of convincing Plaintiff's then-client to change management companies. (Docket #26 at 9.) Mr. Cook, who was working for Defendant Charter One at the time, asked whether Mr. Farinacci was able to find the original contract and offered to assist him in his efforts. (*Id.*) These emails suggest that Defendants knew of Plaintiff's contract with Glidden House and understood, if

4

not intended, that Glidden House might end its relationship with Plaintiff as a result of Mr. Farinacci's discussions with "Joe and Steve."[1] Plaintiff alleges that Defendants' efforts were successful, and that Glidden House terminated its contract with Plaintiff more than two years prior to its natural expiration. (Dockets ##3 at ¶23, 55 at 5.) Notably, Glidden House selected Charter One to succeed Plaintiff as the new management company. (Docket #3 at ¶ 25.)

These emails reveal several key facts which lead the Court to find that a triable issue exists with respect to exemplary damages. First, the emails show that Defendant Cook, while employed by Defendant Charter One, communicated with Plaintiff's then-employee regarding Plaintiff's business. Second, the emails indicate that both Cook and Farinacci relied on facts they had gained from working with Plaintiff to aid Charter One in its pursuit of business with Plaintiff's clients. Finally, the emails demonstrate a disregard for Plaintiff's contractual rights insofar as both Farinacci and Cook sought to persuade Glidden House to find a new management company. In light of these facts, the Court is persuaded that Plaintiff has made a sufficient showing that Defendants acted willfully and wantonly with respect to some, if not all, of the claims alleged in Plaintiff's complaint.

In addition to finding that Plaintiff has met the pleading requirements of Colo. Rev. Stat. § 13-21-102(1.5)(a), the Court also observes that the October 1, 2012 deadline for joinder of parties and amendment of pleadings has not yet passed. (*See* docket #50 at 8.) Given the current discovery cutoff of January 15, 2013, both parties have ample time to investigate the merits of any additional claim for relief. (*Id.*) In light of Plaintiff's timely motion and the evidence provided therewith, the Court determines that Plaintiff may amend its complaint to add a claim for exemplary damages.

**III.   Conclusion**

For the reasons stated above, Plaintiff's Motion for Leave to Amend Complaint to Add

---

[1] Plaintiff asserts and Defendants do not dispute that "Joe and Steve" are employees of the asset manager who represents the owners of Glidden House. (Docket #26 at 3 n.2.)

5

Claim for Exemplary Damages Pursuant to CRS §§ 7-74-104 and 13-21-102 [filed August 10, 2012; docket #26] is **granted**. The Clerk of the Court is directed to file Plaintiff's Amended Complaint, which is attached to Plaintiff's motion as Exhibit 1 [docket #26-1]. In the interest of judicial efficiency and maintaining a consistent docket, the "Amended Complaint" entered on July 25, 2012 [docket #4] is hereby **stricken**. Defendants shall respond to the newly-entered Amended Complaint in accordance with Fed. R. Civ. P. 15 and all applicable local and federal rules.

Dated at Denver, Colorado, this 18th day of September, 2012.

BY THE COURT:

*Michael E. Hegarty*

Michael E. Hegarty
United States Magistrate Judge