IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 12-cv-01937-REB-MEH

RICHFIELD HOSPITALITY, INC.,

    Plaintiff,

v.

CHARTER ONE HOTELS AND RESORTS, INC.,
STEVE COOK, and
THOMAS FARINACCI,

    Defendants.

# CONFIDENTIALITY ORDER

**Michael E. Hegarty, United States Magistrate Judge.**

This Court grants the parties' Joint Motion for Entry of Confidentiality Order and enters the following order concerning the confidentiality of information in this action.

A.    CONFIDENTIAL INFORMATION AND ITS USE

1.    "Confidential Information." "Confidential Information" includes any document, testimony, response to discovery request, transcription of a deposition, or other information that is designated as "Confidential" by either Plaintiff or Defendants (collectively the "Parties" and individually a "Party") pursuant to this Order. A Party may designate as "Confidential" any nonpublic information produced in this litigation that constitutes or contains financial, personal, or business information, or trade secrets, or that otherwise meets the standards for protection set forth in Rule 26(c) of the Federal Rules of Civil Procedure (the "Rules"). This Order is applicable to the Parties and, as defined hereafter: other law firm attorneys, law firm personnel, outside consultants/experts, service bureaus, and other qualified persons.

2.    "Restrictions on Use of Confidential Information." All Confidential Information shall be

used solely for the purpose of this litigation and for no other purpose whatsoever and shall not be disclosed to any person or entity except in accordance with the terms of this Order. Notwithstanding the foregoing, a Party is not so restricted in the use of its own Confidential Information that it produces.

B.      RESTRICTIONS ON ACCESS TO CONFIDENTIAL INFORMATION

3.      Access to information designated "Confidential." Access to information that is designated "Confidential" shall be limited to: (a) employees of each of the Parties required in good faith to provide assistance in the conduct of this action; (b) counsel of record for any Party, other law firm attorneys and law firm personnel; (c) service bureaus; (d) outside consultants/experts; (e) other qualified persons; and (f) the Court and its employees.

4.      Definitions. Certain terms referenced above are defined as follows:

(a)     "Other law firm attorneys" means attorneys who are members or employees of the law firms of the outside attorneys of record for any party but who are not themselves of record. This term will also include any in-house counsel for any of the Parties and contract attorneys hired by an outside counsel law firm or in-house counsel.

(b)     "Law firm personnel" means regular full-time or part-time employees of the law firms of the outside attorneys of record for any Party to whom it is necessary that the Confidential Information in question be disclosed for purposes of this litigation.

(c)     "Outside consultant/expert" means any person, not employed by the receiving Party, who is retained by that Party or its attorneys of record in this matter, for the purposes of assisting in preparation of this litigation for trial or for testifying at trial, such as an accountant, statistician, economist, or other expert witness, provided the person has agreed, in writing, to be bound by this Order. The Party engaging such outside consultants/experts shall retain such written agreements

until at least 60 days after termination of this litigation, but need not provide them to the opposing Party absent a Court order entered upon a showing of good cause.

(d)     "Service bureau" means a company or person that is engaged by counsel of record to perform court reporting or clerical-type services in connection with this litigation, e.g., photocopying, imaging, computer data entry, and the like.

(e)     "Other qualified persons" means any other person: (i) who is a witness shown Confidential Information during this or her deposition in this case; or (ii) who is so designated (a) by order of the Court after notice, and an opportunity to be heard, to all Parties, or (b) by written agreement of the producing Party.

5.     Confidential Information of nonparties.  In the event that a Party seeks discovery from a nonparty to this action, the nonparty may designate its responsive information "Confidential" so that such information is subject to the terms of this Order and that producing non-party shall then be a producing Party under this Order. Any such non-party who produces information pursuant to the terms of this Order agrees that this Court shall determine any issues related to the production or testimony of that information.

6.     Disclosure to certain persons associated with producing party.  Nothing in this Order shall preclude any Party from showing a document designated as Confidential Information to an individual currently employed by the Party producing the documents.  Nor shall anything in this Order preclude a producing Party from using, in its business as it wishes, the documents it produces itself in this action.

7.     No waiver of rights.  Nothing contained in this Order shall be construed as a waiver by any producing Party of its right to object to the subject matter or scope of any request for production of documents in this matter.  This Order shall be without prejudice to the right of a producing Party to

request additional confidentiality protection from the Court.

C.      DESIGNATION AND LABELING OF CONFIDENTIAL INFORMATION

8.      Labeling. Information being designated as protected that is in documentary or other tangible form shall be labeled as "Confidential." Information being designated as protected that is not in documentary or other tangible form, or that cannot conveniently be labeled, shall be designated and/or categorized by the producing Party in a writing provided to the receiving Party at the time of production.

9.      Preliminary designation of documents being inspected. If a Party elects to produce documents and things for inspection, it need not label the documents and things in advance of the initial inspection. For purposes of the initial inspection, all documents within the produced files will be considered as having been marked "Confidential." Thereafter, on selection of specified documents for copying by the inspecting Party, the producing Party shall mark the original documents and/or the copies of such documents with the appropriate confidentiality marking at the time the copies are produced to the inspecting Party.

10.     Inadvertent failure to designate. In the event that a Party inadvertently fails to designate a document or information as "Confidential" at the time of production, the Party shall be entitled to make a correction. Such correction and notice thereof shall be made as soon as practicable. The producing party, at their cost, shall also provide substitute copies of each belatedly designated item, appropriately designated, to the receiving party. The receiving party shall within five (5) business days of receipt of the substitute copies, destroy or return to the producing party all copies of the misdesignated items.

11.     Conflicting designations. In the event a Party produces two or more identical copies of a document and any such copy is designated without a confidentiality designation, but other copies

of the document have a confidentiality designation, all such identical documents shall be treated as Confidential once the inconsistent designation is known. The producing party shall be responsible for informing the party receiving the inconsistently designated information of the inconsistent designation; provided, however, if any person subject to this Order receives such inconsistently designated information, and has actual knowledge of the inconsistent designation, the person shall treat all copies as Confidential.

12. Objecting to Confidential Information. A party may object to the designation of particular Confidential Information by giving written notice to the party designating the disputed information. The written notice shall identify the information to which the objection is made. If the parties cannot resolve the objection within ten (10) business days after the time the notice is received, it shall be the obligation of the party designating the information as Confidential to file an appropriate motion requesting that the Court determine whether the disputed information should be subject to the terms of this Protective Order. Such motion shall be filed within fifteen (15) business days after the written notice is received. If such motion is timely filed, the disputed information shall be treated as Confidential under the terms of this Protective Order until the Court rules on the motion. If the designating party fails to file such a motion within the prescribed time, the disputed information shall lose its designation as Confidential and shall not thereafter be treated as Confidential in accordance with this Protective Order. In connection with a motion filed under this provision, the party designating the information as Confidential shall bear the burden of establishing that good cause exists for the disputed information to be treated as Confidential.

13. Designation of and procedure for any deposition testimony. The following procedures shall be followed if Confidential Information of a producing Party is discussed or disclosed in any deposition permitted in this proceeding.

(a) The producing Party shall have the right to exclude from attendance at the deposition, during such time the producing Party reasonably believes Confidential Information will be discussed or disclosed, any person other than the deponent, the court reporter, and persons entitled to have access to the Confidential Information.

(b) At any time on the record during a deposition a Party may designate any portion of the deposition and transcript thereof to be "Confidential." If such a request is made on the recording during the deposition, the reporting shall later indicate on the cover page of the transcript that the transcript contains "Confidential" information and additionally, if less than the entire transcript, shall list the pages and line numbers of the transcript in which Confidential Information is contained.

(c) Alternatively, such a designation of deposition confidentiality may be made in writing within fifteen (15) business days after counsel receives a copy of the transcript of the deposition. The designation shall contain a list of the numbers of the pages and lines of the transcript that are being designated as containing Confidential Information. Such designation shall be provided in writing to all counsel of record. All counsel of record shall treat all deposition transcripts as "Confidential" for the first fifteen (15) days after receipt of such deposition transcripts.

D.  MISCELLANEOUS

14. Treatment of Confidential Information at trial or in court filings. The Court may enter orders as it deems appropriate to protect the confidentiality of any Confidential Information discussed, or to be discussed, at hearings and trial. A Party shall not file any Confidential Information with the Court unless it moves to seal the confidential information pursuant to D.C. Colo. L. Civ. R. 7.2.

15. Return and destruction of documents. Within 60 days of final termination of this matter including any appeals or right to appeal, the attorneys of record for each receiving Party shall either destroy or return to each producing Party or its attorney of record all Confidential Information (and

any copies, summaries and extracts thereof) that have been furnished to it by the producing Party. If such Confidential Information received by the receiving Party is destroyed in lieu of being returned to the producing Party, the receiving Party shall provide a letter certifying to the destruction to the producing Party.

16. Subpoena by other courts, agencies or persons. If another court, agency or person subpoenas or orders production of Confidential Information that a Party has obtained under the terms of this Order, such Party shall provide the producing Party with a copy of the subpoena or order within three business days to allow it time to intervene and seek a Protective Order. Otherwise, the receiving Party may disclose Confidential Information as necessary to comply with such subpoena or order, but shall take reasonable steps to protect the confidentiality of the Confidential Information.

17. Inadvertent production of privileged material. The Parties agree that any inadvertent production of privileged material, either by a Party to this action or a non-party responding to discovery, shall not result in the waiver of any associated privilege nor result in a subject matter waiver of any kind. The Parties agree to promptly return any privileged material inadvertently produced and further agree that no copies will be made of the inadvertently produced material. If a dispute arises among the Parties or any nonparties regarding whether material is privileged or inadvertently produced, then it shall be the obligation of the Party requesting return of the information to file an appropriate motion requesting that the Court determine whether the disputed information should be returned. If such a motion is filed, the disputed information shall still be treated as privileged and confidential until the Court rules on the motion.

18. Non-termination. The provisions of this order shall not terminate at the conclusion of these actions, but shall remain applicable as to any Confidential Information covered by the terms of this

Order.

19.     Scope.  The Parties, their counsel, and any other personnel of their law firms or of any litigation support services shall be bound by this Order.  Other than disclosure at a deposition, hearing or trial, prior to being given access to any Confidential materials, persons permitted to have access as described under paragraph 4(c) and (e) above, must be provided with a copy of this Order and sign the acknowledgment attached as Exhibit A hereto agreeing to be bound by the terms of this Order and agreeing to subject themselves to the jurisdiction of this Court for the purposes of enforcing the terms and conditions of this Order.  The Party providing the individual with the Confidential materials shall maintain the executed version of the acknowledgment.

Dated at Denver, Colorado, this 25th day of September, 2012.

BY THE COURT:

*Michael E. Hegarty*

Michael E. Hegarty
United States Magistrate Judge