**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge Robert E. Blackburn**

Civil Action No. 12-cv-01937-REB-MEH

RICHFIELD HOSPITALITY INC., a Colorado corporation,

    Plaintiff,

v.

CHARTER ONE HOTELS AND RESORTS, INC., a Florida corporation,
STEVE COOK, an individual,
THOMAS FARINACCI, an individual,

    Defendants.

## ORDER

**Blackburn, J.**

The matters before me are (1) **Plaintiff's Motion for Remand** [#18],[1] filed August 6, 2012; and (2) **Defendants' Renewed Motion To Dismiss or, in the Alternative, To Transfer Venue to the United States District Court for the Northern District of Ohio, Eastern Division** [#17], filed August 1, 2012.  I grant the motion to remand and consequently deny the motion to dismiss or transfer as moot.

### I.  JURISDICTION

I putatively have subject matter jurisdiction pursuant to 28 U.S.C. §§ 1332 (diversity of citizenship).

---

[1] "[#18]" is an example of the convention I use to identify the docket number assigned to a specific paper by the court's electronic case filing and management system (CM/ECF).  I use this convention throughout this order.

## II.  STANDARD OF REVIEW

Pursuant to 28 U.S.C. § 1441(a), an action may be removed to federal district court if it is one of which the district court would have had original jurisdiction.  Where the basis of removal is allegedly diversity of citizenship, the parties must be completely diverse and the amount in controversy must exceed $75,000, exclusive of interest, costs, and attorney fees.  **See** 28 U.S.C. § 1332.  These facts "must be affirmatively established on the face of either the petition or the removal notice."  **Laughlin v. Kmart Corp.**, 50 F.3d 871, 873 (10th Cir. 1995).

Moreover, and of even greater relevance for present purposes, a case may not be removed based on diversity of citizenship "more than 1 year after commencement of the action, unless the district court finds that the plaintiff has acted in bad faith in order to prevent a defendant from removing the action."  28 U.S.C. § 1446(c)(1).  It was under the aegis of this provision that defendants removed this action.  (**See Def. Second Notice of Removal** ¶ 26 at 7-8 [#1], filed July 25, 2012.)

## III.  ANALYSIS

The procedural facts of this case are well-known to the parties and undisputed, and thus need not be repeated at length here.  Plaintiff initially commenced this action in the District Court, City and County of Denver, Colorado, on May 31, 2011.  Defendants removed to this court on July 1, 2011.  The Honorable Phillip A. Brimmer, United States District Judge for the District of Colorado, remanded the case on the basis that defendants had failed to prove both complete diversity and the requisite minimum amount in controversy.  (**See Order of Remand** [#14], filed August 11, 2011, **Richfield**

*Hospitality, Inc. v. Charter One Hotels and Resorts, Inc.*, Civil Action No. 11-cv-01744-PAB-KMT.)  Defendants removed again on July 25, 2012, and plaintiff has now moved to remand yet again.

Defendants frankly acknowledge in their notice that their removal was beyond the one-year time period specified in section 1446(c)(1) (*see* **Def. Second Notice of Removal ¶** 26 at 7-8), and devote considerable effort in their response to the motion attempting to establish that plaintiff was guilty of bad faith in concealing its damages until the time period for removal had expired.  Yet defendants adopt an entirely contrary position in addressing the more fundamental shortcoming of their removal – the reality that the bad faith exception is not applicable to cases, such as this one, commenced prior to the effective date of the amendment that added this proviso to section 1446(c).

Congress originally added the one-year limitation on diversity removal to former section 1446(b) as part of the 1988 Judicial Improvements and Access to Justice Act, Pub. L. No. 100-702, § 1016, 102 Stat. 4642, 4669-70 (1988), as "a means of reducing the opportunity for removal after substantial progress has been made in state court," **H.R. Rep**. No. 100-889 at 72 (1988), *reprinted in* 1988 U.S.C.C.A.N. 5982, 6032 (subsequently presented to the Senate, 134 Cong. Rec. S16308-09 (daily ed. Oct. 14, 1988)).  Ever since, courts and commentators have noted that the provision could "invite tactical chicanery" by allowing plaintiffs to circumvent removal jurisdiction by adding, dismissing, or serving parties, or alternatively, by amending their allegations regarding the amount in controversy, after the deadline has expired.  David D. Siegel, **Commentary on 1988 Revision of Section 1446**, 28 U.S.C.A. § 1446 (1994); *see*

*also Burns v. Windsor Insurance Co.*, 31 F.3d 1092, 1097 n.12 (11th Cir. 1994). In response courts adopted varying approaches to deal with such circumstances. Some relied on equitable principles to allow otherwise out-of-time removals, while others hewed to a strict interpretation of the statute. **See Burns**, 31 F.3d at 1097 n.2 (citing cases).

Congress now has sought to close this loophole in the law by the inclusion of the bad faith exception, now codified at section 1446(c)(1), which was part of the Federal Courts Jurisdiction and Venue Clarification Act of 2011 (the "Act"), Pub. L. No. 112-63, 125 Stat. 758 § 103 (2011). The Act was approved on December 7, 2011, and the relevant amendments to section 1446 became effective on January 6, 2012. **See id**. § 105(a) ("[T]he amendments made by this title shall take effect upon the expiration of the 30–day period beginning on the date of the enactment of this Act[.]").

The amendments apply to "any action or prosecution commenced on or after [the] effective date" of the Act. **Id.** For purposes of determining when an action was commenced, the Act provides that "an action or prosecution commenced in State court and removed to Federal court shall be deemed to commence on the date the action or prosecution was commenced, within the meaning of State law, in State court." **Id.** § 105(b).

Under Colorado state law, it is clear that this case was commenced on May 25, 2011. **See C.R.C.P.** 3(a). Defendants' arguments to the contrary are, frankly, frivolous. Nor am I persuaded by defendants' entreaties to recognize an equitable exception that would toll the one-year removal deadline. The language of former section 1446(b)

could not be plainer, *see Medley v. Rag American Coal*, 2005 WL 2401867 at *2 (D. Utah Sept. 28, 2005) ("The statute says what it says.") (citation and internal quotation marks omitted), and the fact that Congress felt it necessary to amend the statute to include a bad faith exception suggests that none was part of the law previously. Moreover, federal removal jurisdiction is to be strictly construed and given the presumption against removal jurisdiction; even close cases must be resolved in favor of remand. *Laughlin*, 50 F.3d at 873.

## IV.  ORDERS

**THEREFORE, IT IS ORDERED** as follows:

1.  That **Plaintiff's Motion for Remand** [#18], filed August 6, 2012, is **GRANTED**;

2.  That **Defendants' Renewed Motion To Dismiss or, in the Alternative, To Transfer Venue to the United States District Court for the Northern District of Ohio, Eastern Division** [#17], filed August 1, 2012, is **DENIED AS MOOT**;

3. That the Trial Preparation Conference set Friday, October 4, 2013, at 3:30 p.m., and the trial set October 21, 2013, are **VACATED**; and

4.  That this case is **REMANDED** to the District Court, City and County of Denver, Colorado (where it was filed originally as Case No. 2011CV3916).

Dated February 14, 2013, at Denver, Colorado.

BY THE COURT:

Robert E. Blackburn
United States District Judge