**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge Robert E. Blackburn**

Civil Action No.  12-cv-01937-REB-MEH

RICHFIELD HOSPITALITY INC., a Colorado corporation,

 Plaintiff,

v.

CHARTER ONE HOTELS AND RESORTS, INC., a Florida corporation,
STEVE COOK, an individual,
THOMAS FARINACCI, an individual,

 Defendants.

**ORDER DENYING PLAINTIFF'S MOTION FOR ATTORNEY FEES
AND COSTS ON REMAND PURSUANT TO 28 U.S.C. § 1447(c)**

**Blackburn, J.**

The matter before me is **Plaintiff's Motion for Attorney Fees and Costs on Remand Pursuant to 28 U.S.C. § 1447(c)** [#82],[1] filed February 28, 2013.  I deny the motion.

When a case is remanded, as this one has been, the "order remanding the case may require payment of just costs and any actual expenses, including attorney fees, incurred as a result of the removal."  28 U.S.C. § 1447(c).  Assuming *arguendo* that I have jurisdiction to entertain this post-judgment motion for such fees, **see In re C and M Properties, L.L.C.**, 563 F.3d 1156, 1162 n.2 (10th Cir. 2009), the central focus of my discretionary decision to award such fees is the propriety of removal.  **Excell, Inc. v.**

---

[1] "[#82]" is an example of the convention I use to identify the docket number assigned to a specific paper by the court's electronic case filing and management system (CM/ECF).  I use this convention throughout this order.

***Sterling Boiler & Mechanical, Inc.***, 106 F.3d 318, 322 (10th Cir. 1997).

Although I ultimately found defendants' arguments in favor of removal under the Federal Courts Jurisdiction and Venue Clarification Act "frivolous" (***see* Order** at 4 [#80], filed February 14, 2013), they also pressed arguments for the application of equitable estoppel which, while not persuasive to this jurist, were not frivolous in light of the lack of a clear precedent in this circuit and the decisions of other federal appellate and district courts.  **See, e.g.**, ***Tedford v. Warner-Lambert Co.***, 327 F.3d 423, 426-27 (5th Cir. 2003); ***Caudill v. Ford Motor Co.***, 271 F.Supp.2d 1324, 1326-27 (N.D. Okla. 2003)(collecting cases); 14 Charles Alan Wright et al., **Federal Practice & Procedure**, **Jurisdiction** § 3731 at 609-15 & n.117 (4th ed.) (collecting cases).  Although these arguments have not been persuasive to me in the past, defendants should not be subjected to the threat of attorney fees for any attempt to convince me otherwise.[2]

Moreover, without delving into the particulars, it appears there was plenty of the type of "tactical chicanery" that the 2011 amendments to the removal statute were designed to address on *both* sides of this litigation.  **See** David D. Siegel, **Commentary on 1988 Revision of Section 1446**, 28 U.S.C.A. § 1446 (West 2006).  Under those circumstances, I would be disinclined to award plaintiff attorney fees in any event.

---

[2] As defendants had no way at knowing at the time of the removal that this case would be assigned to me, plaintiff's argument that they should have known these arguments were unavailing in light of my prior rulings goes nowhere.  Moreover, my own adherence to a strict construction of the removal statutes, ***see, e.g.***, ***Smith v. Time Insurance Co.***, 2009 WL 2879297 at *2-*3 (D. Colo. Sept. 3, 2009), has not always been shared by the Tenth Circuit, ***see Countryman v. Farmers Insurance Exchange***, 639 F.3d 1270, 1272-73 (10th Cir. 2011) (vacating my order remanding case for failure to attach all state court papers to notice of removal; finding that failure to attach summons was a "minor procedural defect . . . was curable, either before of after expiration of the thirty-day removal period"), ***vacating*** 2010 WL 4537091 (D. Colo. Nov. 3, 2010) (Blackburn, J.).  It therefore would be grossly overconfident to suggest that my take on the propriety of equitable tolling in the removal context will ultimately prevail when the Tenth Circuit finally addresses the issue directly.

**THEREFORE, IT IS ORDERED** that **Plaintiff's Motion for Attorney Fees and Costs on Remand Pursuant to 28 U.S.C. § 1447(c)** [#82], filed February 28, 2013, is **DENIED**.

Dated April 10, 2013, at Denver, Colorado.

BY THE COURT:

Robert E. Blackburn
United States District Judge